UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00013-LLK

DARRYL F.                                                                                                         PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits. The fact and law summaries of Plaintiff and the Commissioner are at Doc. 20 and 25. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 14].

Plaintiff makes two arguments. Because the arguments are persuasive and the Administrative Law Judge's (ALJ's) decision is not supported by substantial evidence, the Court will REMAND this case to the Commissioner for a new decision.

**Background facts and procedural history**

On August 19, 2014, Plaintiff was injured in a motor vehicle accident in which he was rear ended while stopped at a stop sign. [Administrative Record, Doc. 12 at 346].

On June 5, 2017, Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, alleging that he became disabled on August 19, 2014. *Id.* at 31.

On June 11, 2017, after Plaintiff's insured status for Title II benefits expired on December 31, 2016, Plaintiff had a motorcycle accident. According to Plaintiff, the accident "resulted in an acute medial meniscus tear of the right knee and required a surgical repair on May 3, 2018." [Doc. 20 at PageID.2507]

On April 24, 2019, the ALJ issued a prior decision. *Id.* at 113-21.

1

On April 16, 2020, the Appeals Council remanded the prior decision to the ALJ for a new decision. *Id.* at 129-31.

On August 25, 2020, the ALJ issued a new decision, which is presently before this Court on judicial review. *Id.* at 20-31. The ALJ found that Plaintiff was not disabled during the relevant period between August 19, 2014, when he alleges that he became disabled, and December 31, 2016, when his insured status for Title II benefits expired. *Id.*

At some time after the ALJ's first or second decision, Plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. [Doc. 20 at PageID.2502]. On December 9, 2021, the Commissioner approved the application, finding that Plaintiff became disabled on August 22, 2021 (his fifty-fifth birthday). *Id.*

**The ALJ's decision**

The ALJ found that Plaintiff was not disabled during the relevant period between August 19, 2014, when he alleges that he became disabled, and December 31, 2016, when his insured status for Title II benefits expired. [Doc. 12 at 20-31]. In support, the ALJ followed the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, during the relevant period, Plaintiff did not engage in substantial gainful activity. *Id.* at 22.

Second, the ALJ found that Plaintiff had severe, or vocationally significant, degenerative disc disease. *Id.*

Third, the ALJ found that Plaintiff's degenerative disc disease did not satisfy the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 24.

As in any case that advances beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that, notwithstanding his degenerative disc disease, Plaintiff could "perform the full range of medium work as defined in 20 CFR 404.1567(c)." *Id.*

Fourth, the ALJ found that Plaintiff's could perform his past relevant work as a house repairer as that job is generally performed in the national economy. *Id.* at 29.

Fifth (and in the alternative to a fourth-step denial decision), the ALJ found that "a finding of 'not disabled' is directed by Medical-Vocational Rule 203.29 and Rule 203.22" of Appendix 2 of the regulations. *Id.* at 31. Because the ALJ applied the Appendix 2 rules directly, the ALJ did not present any vocational hypothetical at the administrative hearings. *Id.* at 58-59, 81-82.

**The ALJ's reasons for rejecting Dr. Ignacio's medical opinion are not supported by substantial evidence.**

First, Plaintiff argues that the ALJ's reasons for rejecting Dr. Ignacio's medical opinion are not supported by substantial evidence. [Doc. 20 at PageID.2510-11].

On October 9, 2017, the Commissioner's non-examining program physician, Olegario Ignacio, M.D., opined that Plaintiff was limited to light work with additional postural and environmental limitations. [Doc. 12 at 103-06]. Dr. Ignacio was specific that his assessment was for the period on and before December 31, 2016, when Plaintiff was last insured for Title II benefits. *Id.* at 103. Dr. Ignacio opined that, in addition to being limited to light work, Plaintiff suffered from the following postural and environmental limitations:

> … is limited to occasionally climbing ladders/ropes/scaffolds, stooping and crawling due to arthritis, lumbar disc displacement, lumbar joint arthropathy, cervical DDD [degenerative disc disease], cervical facet arthropathy, decreased ROM [range of motion] in lumbar and cervical spine, pain in neck, and back and headaches … should avoid even moderate exposure to vibrations due to arthritis, lumbar disc displacement, lumbar joint arthropathy, cervical DDD, cervical facet arthropathy, decreased ROM in lumbar and cervical spine, pain in neck, and back … should avoid concentrated exposure to unprotected height due to balance and headaches.

*Id.* at 104-05.

In determining that Plaintiff had a residual functional capacity (RFC) to perform the full range of medium work, the ALJ was "not persuaded" by Dr. Ignacio's opinion for the following reasons:

> … The State agency medical consultant [Dr. Ignacio] determined the claimant was limited to a range of light work at the time of his date last insured. He was given postural and environmental limitations. However, during the period under consideration, the objective radiological studies revealed only mild degenerative disc disease. His physical examinations were relatively normal

> other than some tenderness and decreased range of motion. There were no neurological deficits and he had normal gait and station. He continued to do work repairing homes and he also continued to ride his motorcycle (Exhibit 4F) during the period under consideration, which are not consistent with light activity. For these reasons, the undersigned is not persuaded by the State agency determination for light work and finds the claimant retained the capacity to perform the full range of medium work. (Exhibit 3A)

*Id.* at 29.

Dr. Ignacio is the Commissioner's non-examining program physician. The Commissioner deems "Federal or State agency medical or psychological consultants … [to be] highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1).

Dr. Ignacio provided a thorough narrative discussion of his opinions regarding what Plaintiff can still do despite his impairments, including his clinical bases:

> … is limited to occasionally climbing ladders/ropes/scaffolds, stooping and crawling **due to** arthritis, lumbar disc displacement, lumbar joint arthropathy, cervical DDD [degenerative disc disease], cervical facet arthropathy, decreased ROM [range of motion] in lumbar and cervical spine, pain in neck, and back and headaches … should avoid even moderate exposure to vibrations **due to** arthritis, lumbar disc displacement, lumbar joint arthropathy, cervical DDD, cervical facet arthropathy, decreased ROM in lumbar and cervical spine, pain in neck, and back … should avoid concentrated exposure to unprotected height **due to** balance and headaches.

*Id.* at 104-05 (emphasis added to highlight Dr. Ignacio's clinical bases).

Substantial evidence is "more than a mere scintilla" of evidence. *Biestek v. Comm'r of Soc. Sec.*, 139 S. Ct. 1148, 1154 (2019). It contemplates "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The ALJ's reasons for rejecting Dr. Ignacio's medical opinion are not supported by substantial evidence. While the ALJ noted that Plaintiff continued to do some home repair work and ride his motorcycle prior to the date last insured [Doc. 12 at 29], that did not provide a substantial basis for finding that Plaintiff can perform the full range of medium work; more than occasionally climb ladders/ropes/scaffolds, stoop, and crawl; and need not avoid vibrations and unprotected heights. Nor did characterizing Plaintiff's degenerative disc disease as "mild," his gait and station as "normal," and his

4

physical examinations as "relatively normal." Nor is it necessary, as the ALJ suggested, that a person have "neurological deficits" [Doc. 12 at 29] for postural or environment limitation to be present.[1]

### The ALJ's finding that Plaintiff's prior work as a house repairer constituted past relevant work is not supported by substantial evidence.

Second, Plaintiff argues that the ALJ's finding that his prior work as a house repairer constituted past relevant work is not supported by substantial evidence. [Doc. 20 at PageID.2511-14].

As noted above, the ALJ issued a prior decision in this case, which the Appeals Council remanded for the present decision. [Doc. 12 at 113-21, 129-31]. Like the present decision, the prior decision found that Plaintiff was not disabled during the relevant period because he can perform his past relevant work as a house repairer. *Id.* at 120. The Appeals Council remanded this case to the ALJ for a new decision, in part, because the ALJ erred in finding (assuming) that Plaintiff's prior work as a house repairer constituted past relevant work:

> The Administrative Law Judge found the claimant is capable of performing his past relevant work as a house repairer (Finding 6). However, the claimant's earnings record indicates that his work as a house repairer was not performed at substantial gainful activity levels long enough to learn to do it. To constitute past relevant work, the work must have been performed within the past 15 years, at substantial gainful activity levels, and long enough to learn to do it (20 CFR 404.1560). The claimant worked as a house repairer from January 1998 to November 2014 (Exhibit 5E, page 2). House repairer is an SVP [specific vocational preparation] 7 job requiring 2 to 4 years to learn. The claimant's earnings records reflect that he earned $11,374.00 in 2004 as a house repairer (Exhibit 3D). These earnings equal substantial gainful activity. However, the claimant's earnings for the other years from 1998 to 2014 do not amount to substantial gainful activity (20 CFR 404.1574). As house repairer requires two years at minimum to learn to do, the claimant did not perform this work long enough to learn it at substantial activity levels.
>
> The hearing decision does not include any explanation of how it was determined the claimant's earnings constitute substantial gainful activity. As the job cited by the Administrative Law Judge does not appear to have been performed at substantial gainful activity levels long enough to learn it, further consideration of the claimant's past work is warranted.

*Id.* at 129.

---

[1] Because Plaintiff filed his disability claims on June 5, 2017 [Doc. 12 at 31], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). While the new rules are generally regarded as less claimant favorable, the ALJ's reasons for accepting or rejecting a medical source opinion still must be supported by substantial evidence.

On remand, the ALJ made findings that suggested that Plaintiff's earnings were substantial in years other than 2004:

> … For several years between 2004 and 2016, reported earnings were just below that amount. The undersigned takes note of references in the **medical record** to the claimant **working during times** in which no income was reported, suggesting the claimant at times worked for cash. (**Exhibit 4D**). Moreover, the undersigned noted that the claimant was self-employed. He was the one who determined which jobs he accepted, the type of services he would perform and the pay he would receive for that work.

*Id.* at 30 (emphasis added).

"Exhibit 4D" is part of Plaintiff's earnings record, not a "medical record." *Id.* at 260. Therefore, the ALJ identified (and this Opinion finds) no "medical record" indicating that Plaintiff was "working during times in which no income was reported." Plaintiff testified that he always reported his income. *Id.* at 43. Plaintiff persuasively argues that the ALJ's findings in this regard lack an "evidentiary basis." [Doc. 20 at PageID.2512].

The Commissioner does not attempt to defend the ALJ's findings. [Doc. 25]. Instead, the Commissioner argues that "[w]hile Plaintiff alleges quite a few flaws with the ALJ's step four findings, any error was harmless because the ALJ made an alternative finding at step five." *Id.* at PageID.2535. The error was not harmless because, for the reasons discussed below, the ALJ's alternative finding at step five was flawed.

### The ALJ's alternative finding at step five was flawed.

The Appendix 2 rules are relevant at the fifth and final step of the sequential evaluation process. *See Jordan v. Comm'r*, 548 F.3d 417 (6th Cir. 2008). The rules contemplate the strength requirements of sedentary, light, medium, and heavy work, but do not take into account the vocational impact of any nonexertional limitation that may be present. *Id.* at 424. Accordingly, "where a claimant has nonexertional impairments alone or in combination with exertional limitations, the ALJ must treat the grids as only a framework for decisionmaking, and must rely on other evidence [typically testimony from a vocational expert] to determine whether a significant number of jobs exist in the national economy that

6

a claimant can perform." *Id.* Postural and environmental limitations (such as those opined by Dr. Ignacio) are defined as nonexertional. *See* Appendix 2, Section 200.00(e).

Dr. Ignacio opined that Plaintiff has postural and environmental limitations [Doc. 12 at 103-06], and this Opinion has already concluded that the ALJ's reasons for rejecting those limitations are not supported by substantial evidence. It follows that there was no substantial basis for the ALJ's direct application of Rules 203.29 and 203.22 to find that Plaintiff was "not disabled." [Doc. 12 at 24, 31].

**A judicial award of benefits is unwarranted.**

When (as here) a reviewing court has determined that an ALJ's decision is not supported by substantial evidence, it must determine whether to judicially award benefits or remand for further administrative proceedings. *Wiser v. Comm'r*, 627 F. App'x 523, 526 (6th Cir. 2015). A judicial award is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

As noted above, Dr. Ignacio opined that Plaintiff was limited to light work with additional postural and environmental limitations. [Doc. 12 at 103-06]. This Opinion has already concluded that the ALJ's reasons for rejecting Dr. Ignacio's medical opinion are not supported by substantial evidence. But even if the ALJ had accepted Dr. Ignacio's opinion that Plaintiff is limited to light work,[2] the Appendix 2 rules would not have directed an ultimate finding of disability.[3] Instead, it would have been necessary for the ALJ to develop "other evidence [typically testimony from a vocational expert] to determine whether a significant number of jobs exist in the national economy that [Plaintiff] can perform." *Jordan v. Comm'r*,

---

[2] This is not intended to suggest that, upon remand, the ALJ must accept Dr. Ignacio's opinion or that the ALJ may not identify substantial reasons for rejecting it.

[3] This is because, according to Plaintiff, "at the time of his date last insured, … he was closely approaching advanced age." [Doc. 20 at PageID.2514]. An examination of Appendix 2 reveals that there is only one rule (Rule 202.09) that directs an ultimate finding of "disabled" in which the individual is limited to light work and closely approaching advanced age. That rule (Rule 202.09) also requires that the individual be illiterate or unable to communicate in English. But Plaintiff states that he has a GED. [Doc. 20 at PageID.2514].

548 F.3d 417, 424 (6th Cir. 2008).  It follows that the administrative record in its present form does not support a judicial award of benefits.

**ORDER**

Because Plaintiff's two arguments are persuasive and the Administrative Law Judge's (ALJ's) decision is not supported by substantial evidence, the Court hereby REMANDS this case to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

June 10, 2022

Lanny King, Magistrate Judge
United States District Court